UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUMBERTO FAJARDO,

    Petitioner,

    v.

RANDY GROUNDS, warden,

    Respondent.
                                       /

No. C 10-3778 SI (pr)

**ORDER TO SHOW CAUSE**

### INTRODUCTION

Humberto Fajardo, a prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary decision. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

Fajardo's petition challenges a disciplinary decision based on an incident that occurred at CTF-Soledad on May 2, 2008. The CDC-115 rule violation report was dated June 27, 2008, and the hearing was held on or about July 7, 2008. See Petition, Supplement # 1. Fajardo was found guilty of resisting and/or obstructing a peace officer resulting in the use of force. The original disposition was an assessment of 61 days credit forfeiture for the Division D offense. Id. However, that time credit forfeiture was later dismissed because time constraints had not been met in issuing the CDC-115, i.e., because the CDC-115 had not been written within 15 days

of the incident, the regulations prohibited the imposition of a time credit forfeiture. See Petition, Appendix 4 (director's level appeal decision).

Fajardo filed state court habeas petitions. The Monterey County Superior Court found that there was sufficient evidence to support the disciplinary decision, and denied Fajardo's habeas petition. See Petition, Appendix 3. The California Court of Appeal and the California Supreme Court summarily denied his habeas petitions. See Petition, Appendices 1 and 2.

Fajardo then filed his federal petition for writ of habeas corpus. In his federal petition, he alleges that the evidence was insufficient to support the disciplinary decision because he is actually innocent of the offense.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Fajardo alleges in his petition that prison officials' decision violated his federal right to due process because it was not supported by sufficient evidence. Liberally construed, the petition states a cognizable claim for a violation of Fajardo's rights under the Due Process Clause of the U.S. Constitution. See Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999).

2

**CONCLUSION**

For the foregoing reasons,

1. The petition's federal due process claim warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **January 28, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the disciplinary hearing record that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 4, 2011**. Petitioner's traverse may not exceed 20 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 15, 2010

SUSAN ILLSTON
United States District Judge